In the Matter of the Application of CHARLES FINNEGAN,
Appellant, for a Writ of Prohibition Directed to the COUNTY
COURT OF KINGS COUNTY, etc., and Others, Respondents.

Second Department, June 18, 1919.

**Writ of prohibition against reargument of appeal ordered for reasons
personal to county judge but not decided at time of his death.**

Where a county judge, after affirming a conviction by a Magistrate's Court,
ordered a rehearing of the appeal before himself for reasons personal to
him and died before a decision on the reargument, and the original
judgment of affirmance has never been formally vacated, there is no
power of further rehearing and, therefore, the prisoner is entitled to a
writ of prohibition.

APPEAL by the relator, Charles Finnegan, from an order of
the Supreme Court, made at the Kings County Special Term
and entered in the office of the clerk of the county of Kings on
the 12th day of May, 1919, denying his application for a writ ·
of prohibition.

In 1917 relator had been convicted of disorderly conduct
in the City Magistrate's Court, Eighth District, with a three
months' sentence. After his imprisonment had begun, he
appealed to the County Court of Kings county, and was
admitted to bail. Such appeal was heard by the late Judge
ROY, who, on February 16, 1918, affirmed the conviction, but
reduced the sentence to the time already served. His order
to. that effect was entered on February 19, 1918, which was
followed by an order under which the bail was returned.

About two weeks later Judge ROY caused to be inserted in
the New York *Law Journal* a notice as follows: " Since
deciding this appeal certain representations have been made
to me which make me feel that I ought to vacate the order
of affirmance and order a rehearing of the appeal, and this I
now do. This decision to act as an order to that effect."

The record also has the following authorization to relator's
attorney, signed by the relator in person: " After having been
fully advised by my counsel as to the doubt of the jurisdiction
of the court to set aside its order and order a rehearing of this

appeal, and being fully advised in the premises, I Hereby Consent that the appeal may be reheard on its merits, and waive any objection to the jurisdiction of the court in the rehearing of such appeal, and I Hereby Authorize my attorney, Philip B. Adams, to bring said appeal on for rehearing according to the course and practice of said court. Dated, New York, March 7th, 1918."

Judge ROY thereafter made an order reciting his prior affirmance, and that " the interests of justice requiring that a reargument of said appeal be had, I do hereby Order and Direct that the said appeal be reargued before me on March 15th, 1918."

Such reargument was had before Judge ROY, but he never made a decision.

On April 15, 1919, the district attorney noticed a reargument of that appeal before the county judge in Part 5 of the County Court, whereupon this relator applied for a writ of prohibition.

*Philip B. Adams* [*Reuben Peckham* with him on the brief], for the appellant.

*Harry G. Anderson, Assistant District Attorney* [*Harry E. Lewis, District Attorney,* with him on the brief], for the respondents.

PUTNAM, J.:

It is not necessary to decide whether, after a judgment of affirmance upon an appeal from a conviction in the City Magistrate's Court which had been consummated by discharge of the bail, the county judge could grant a reargument on the ground which he announced, namely: " Since deciding this appeal certain representations have been made to me which make me feel that I ought to vacate the order of affirmance and order a rehearing."

As entered by the district attorney, the order recited that " the interests of justice requiring that a reargument of said appeal be had, I do hereby order and direct that the said appeal be reargued before me on March 15th, 1918." This order so entered shows to what extent relator's attorney had acted under his client's written authorization of March seventh. The reargument was not ordered before the County Court or

before any other judge. The grounds for the order were not set forth to be weighed by any one else. Such rehearing was had before him, but was never decided. The original judgment of affirmance has never been formally vacated. The reasons for allowing such rehearing were personal to the judge. Since his death without action on the reargument, we think there is no longer a power of further hearing. The relator is, therefore, entitled to the relief prayed.

The order of the Special Term denying the application for the writ of prohibition is, therefore, reversed, and the writ granted, without costs.

JENKS, P. J., MILLS, RICH and BLACKMAR, JJ., concurred.

Order denying application for writ of prohibition reversed, and writ granted, without costs.